IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARLENE M. TORRUELLAS-RAMOS<br>Plaintiff<br><br>vs<br><br>PUERTO RICO TOBACCO<br>CORPORATION<br>and EDWARD COLLINS<br><br>Defendants | CIVIL 05-2203CCC |

# O R D E R

Plaintiff Arlene M. Torruellas-Ramos filed this action against defendants Puerto Rico Tobacco Corporation and Edward Collins under Title VII of the Civil Rights Act of 1964, 47 U. S. C. §2000e, et seq., and Law No. 17 of 1988, 29 L.P.R.A. §155. She alleges that defendants retaliated against her for refusing to participate in a cover up of a sexual harassment complaint filed against them. On August 21, 2006, defendant Edward Collins filed a Motion for Judgment on the Pleadings and for Lack of Prosecution (**docket entry 13**). Defendant Edward Collins alleges that plaintiff's Title VII claim should be dismissed because individuals are not liable under Title VII. Plaintiff did not oppose the dispositive motion.

Like the majority of the circuit courts, this District has generally held that individual defendants are not liable under Title VII. See Gómez-González v. Guidant Corp., 364 F. Supp. 2d 112, 116 (D.P.R. 2005) ("The Court is compelled by the reasoning of previous decisions within this District. Title VII's statutory structure suggests that Congress did not intend to impose individual liability over supervisors or agents of employers"); Maldonado-Cordero v. A.T. &T., 73 F. Supp. 2d 177, 184 (D.P.R. 1999); Canabal v. Aramark Corporation, 48 F. Supp. 2d 94, 97 (D.P.R. 1999) ("Had congress intended to hold individuals liable, it would have expressly addressed the actions and conditions that would subject them to liability in the statute"); Acevedo Vargas v. Colon, 2 F. Supp.2d 203, 206 (D.P.R. 1998); Pineda v. Almacenes Pitusa, Inc., 982 F. Supp. 88, 93(D.P.R. 1997); Hernández v Wangen, 938 F. Supp. 1052,

CIVIL 05-2203CCC                                            2

1065 (D.P.R. 1996) ("Title VII leaves it to the corporate entities, which are held liable for the discriminatory acts of these individuals, to deter the individuals' unlawful employment practices.")

     For this reason the Court hereby GRANTS defendant Edward Collin's Motion for Judgment on the Pleading and for Lack of Prosecution and DISMISSES WITH PREJUDICE plaintiff's Title VII claim against him.  Partial judgment shall be entered accordingly.

     SO ORDERED.

     At San Juan, Puerto Rico, on September 14, 2006.

                                           S/CARMEN CONSUELO CEREZO
                                           United States District Judge